The next case is Tavarez v. United States. Good morning, Your Honors. May it please the Court, my name is Allegra Glaskauser. I represent Mr. Tavarez. Your Honor, Mr. Tavarez pleaded guilty to brandishing a gun during a Connecticut robbery conspiracy. He did not remain to brandishing a gun during a drug conspiracy, and none of the facts show that he did brandish a gun during a drug conspiracy. No one, not the Court, the government, or Mr. Tavarez suggested that the Connecticut robbery conspiracy was related to drugs. Because his 924c conviction was only based on the robbery conspiracy, it should be dismissed. Maybe I'll just take you through how I'm getting to the idea that he admitted participating in a drug conspiracy, and you can tell me where I'm going off the rails. So there are the two allocutions, right? And I'm taking both of them together, and I think I have to do that if I'm going to make that finding. So I need to have a separate argument about whether you can take them both together or not. But if I take them both together, at the first allocution, he says he participated in a conspiracy to rob drug dealers of money and drugs, and that includes particular robberies where he served as a lookout in Connecticut and Long Island. So there I'm getting he participates in a conspiracy to rob drug dealers of drugs, including a Connecticut robbery. And then at the second allocution, he says, actually he wants to clarify, with respect to the Connecticut robbery, he was more than a lookout. He starts as a lookout, and then he goes inside and brandishes the gun. So I'm getting from that, first allocution, the Connecticut robbery is part of a conspiracy to rob drug dealers of money and drugs. So I have a second allocution, and I brandished a gun at the Connecticut robbery. Why doesn't that get me there? Because the first allocution, Your Honor, was messy and confusing, and even the magistrate judge found it probably insufficient on 924 states. So is it an argument, basically, that I can't smush them together the way I'm doing? Is that basically the problem? I'm not saying that Your Honor has ignored the first allocution. It happened. But even the government and probation, when they come to sentencing, they argue that there's obstruction of justice because the first allocution was unreliable. So the first allocution is not one that Your Honor should be relying on when parsing language like that. Because we know, according to the government and probation and ultimately the court, that they found that allocution not to be reliable, that it wasn't correct. And when we look to the allocution that is way clearer, where the certified officer talks about the Connecticut robbery and what happens, it doesn't have to do with drugs. It seems like I actually need to rely on the first allocution. I mean, the second allocution doesn't even include all the elements of the crime, right? It seems like he was adding additional facts, but I'm not sure there's any proffer about interstate commerce. It seems like it's just necessarily a partial allocution that only works as to any crime if you include facts from the first allocution. Am I wrong about that? With respect to interstate commerce, perhaps, Your Honor. But the first allocution, the certified officer doesn't allocate to brandishing at all. That happens only in the second allocution. I think, importantly, to Your Honor's question about what the facts were related to the Connecticut robbery, the government also doesn't suggest that factually the Connecticut robbery had to do with the drug conspiracy. Throughout, the Connecticut robbery was described by the government as a robbery of a home to steal money. To steal money or that they obtained money. I mean, help me out if I've missed something, but there are repeated statements that they got money, but there are also global statements that he was participating in a conspiracy to rob drug dealers to obtain money and or drugs. Some of the robberies, they get money. Sometimes they get drugs, and it's clear he also allocated in the first allocation that when they got drugs, those drugs would be distributed. So why doesn't that show that this is all – what in the record says that the Connecticut robbery is not part of the drug conspiracy? There's just no real indication it is. When the government describes it in sentencing, they list a number of different events that they say occurred over a period of years. The Connecticut robbery conspiracy is the last one. It happens in 2005, and the government describes it. And I don't think there's anything undercutting the way the government describes it as a robbery of money. There's no mention that the person – that there's a robbery of drugs that is connected to drug dealing. No one mentioned that. Well, but your client said that in the first allocation, right? That it's – that the Connecticut robbery was part of a conspiracy to rob drug dealers of money and drugs. So the idea is that was unreliable? Your Honor, I don't believe he said that. So he allocated that he – that the robberies were to take money or drugs, and he clarified that it's an or, not an and. He answers a number of back-and-forth questions when the court is trying to elicit the facts from him to get him to admit something that would meet the elements and satisfy the judge. But we – he did – he did not say specifically related to that lead or conspiracy that it was of drug dealers. And when we have that record, when we have the factual record that supports that it's not of drug dealers, I don't think it's correct for this court to read into that vague statement that it is. The other conduct that the allocates do specifically is two years previously, 2003. So that's the Long Island theft. So Mr. DeVar has called it a robbery at various points. So do the parties. But the government eventually clarifies that was not a robbery. The parties were using that in more colloquial terms, not legal terms. That was a theft of drugs. And that earlier conspiracy was part of the drug conspiracy. There's no connection between the two. When we have this sort of situation, the conduct is not intertwined. And this court looks at conspiracies in exactly these types of situations where there's a broader conspiracy. And then even though the time period might be the same, there can be other smaller conspiracies that are separate. This court has done that in Hayward, in Capers, in other cases. The same thing is true here. Mr. DeVar has only allocated with respect to that robbery conspiracy that he had brandished a gun. There's no indication there was other brandishing and no nexus between that Connecticut robbery conspiracy and drug dealing. Could you address the government also makes an argument about allocating to aiding and abetting the use of a firearm in the drug trafficking conspiracy. And in the first allocation, he does indicate knowledge that others possessed a firearm in circumstances where he was acting as a lookout. And his job was to make sure that the inside perpetrators would not be interrupted. So why would that be insufficient on an aiding and abetting theory? First, Mr. DeVar's allocution is pretty equivocal on that, on whether or not he knew about the gun. I think one reason the government said it wasn't correct and why he could have been up later. But more importantly, brandishing isn't mentioned. It's clear that the only instance of brandishing that anyone is ever talking about with any specificity is the Connecticut robbery conspiracy. And then it's Mr. DeVar who brandished the gun, and he admits to that. There is not any allocution earlier to knowing that somebody else brandished a gun. What's the fix for that? Is that a lesser included or not? I didn't know you. So there have to be facts that support that because there's a sentencing enhancement of two additional years for brandishing that the court has mandated to impose. So there has to be an allocution that he knew about. I guess I'm just asking if that's – that seems totally right. But use or possession is a lesser included of the same 924c events? You're asking if he could be charged as a lesser included? I guess the answer is yes, but I'm not sure. You think he would have had to have been charged that way? You can't just admit the lesser included and then the conviction for the lesser included survives? Correct, Your Honor. He was convicted of the brandishing, so the brandishing would be dismissed in this circumstance. Judge Cabranes, did you have any questions? I have none. Thank you. Thank you. Please support Alex Solomon for the government. This court should affirm Judge Blatt's carefully reasoned decision, finding that the Hobbs-Athabrocker conspiracy and the charged narcotics distribution conspiracy were fundamentally intertwined. In his initial plea allocution before Judge Bororowski, the defendant succinctly acknowledged the fundamental links between those two charges, in which he stated, number one, he participated in the robbing of drug dealers, number two, of narcotics, I guess, for money, and number three, that the seized narcotics would be sold or distributed. The only outstanding issue from the first plea hearing before Judge Bororowski was whether the defendant had provided truthful information about his use of a firearm in furtherance of the drug robberies. In his first without a plea allocution, the defendant falsely claimed that he never possessed or used a firearm during the robberies. And at the beginning of the second plea allocution, the defense lawyer made it clear that there was an overriding concern that the defendant received acceptance of responsibility credit for his initial allocution. And so therefore, in the second plea allocution, the defendant specified that one of the two drug robberies that he had participated in, as referenced in his first plea, the kinetic robbery, that he had in fact had permission to weapon during that robbery. He also admitted generally using a firearm during drug robberies generally. And this is on page 87 of the appendix. Quote, I know I had my firearm with me on the robberies, whether they were successful or not, and this is what I wanted to clarify. That is the end of the story as far as we're concerned. The defendant is responsible for all three charges. He clearly contemplates in his allocation that by participating in drug robberies, he participated in conspiracy to rob drug dealers. Number two, the goal was to obtain drugs and or money from drug proceeds. And number three, that there was the use of the firearm in these robberies. With respect to my counterpart's contention that the first plea allocation was messy and confusing, we disagree. We think it was very clear as to the issues of whether the defendant participated in the two charged conspiracies. What was not clear and what needed clarification was his use of the firearm. And some other minor bookkeeping matters in our sentencing letter, which is on pages two and three of the government's appendix, we do specify that there was only one robbery that involved money, and that was the Connecticut robbery. All other robberies involved drugs. So if you put that into context of the defendant's statement at the first plea allocation that he robbed drug dealers of drugs and or money, it's clear that the Connecticut robbery is a drug robbery offense. Should we make anything of the fact that at the second allocation, the court specifically addressed and he reaffirms his guilty plea is to count one and three, but there's no discussion of the drug trafficking conspiracy. There's not a reaffirmation of his guilt as to that. Well, I think the defense counsel made clear that there was no effort to withdraw initial guilty plea, and in fact, by this juncture, Judge Townsend already accepted the initial allocation for Judge Kowalski. And finally, to answer an earlier question that he posed as my counterpart, if the court were to find that somehow the Connecticut robbery is not related to the other robberies, and it's not about the drug robbery, well, we would be left with this lesser-concluded five-year plea. Are there any questions from Judge Kavranas? Judge Kavranas? No. No, I have no questions. Thank you. So the government says that it's clear the Connecticut robbery was a drug robbery because the others in different areas that they cited in their sentencing papers were. That's not clear. Nobody said that during the proceeding. And the fact that money is taken does not mean, first of all, that it was money from a drug dealer. The government doesn't say that it's money from a drug dealer. And there also are no cases saying merely taking money that may or may not have come from drug proceeds means that that is a drug conspiracy. I have found none that say that that would be enough. Stealing drugs is enough to make a difference. And then selling the drugs, that can be part of a drug conspiracy. I see no cases indicating that taking money, even if the person works as a drug dealer. But it's a conspiracy. So it's a conspiracy to rob drug dealers of money or drugs. There is a conspiracy of that at some point, Your Honor. Yes, we're not disputing that. The question is whether this Connecticut brandishing incident is intertwined with the other conspiracy. It's not. The government hasn't pointed to any facts that show it is. Either things that Mr. Kavranas said or that the government said or even sort of facts kind of floating out there in this agency in the court of radical hearings. They just haven't pointed to any facts showing that nexus. And what this court has done, whether it's a separate incident that involves the 924C that is not part of the broader conspiracy, it's a different conspiracy, and that incident does not have a constitutional predicate for the 924C, you dismiss that count. That's the right thing to do, and the court should do it here. Judge Kavranas? Thank you for the opportunity, but I have no questions. Thank you. Thank you both, and we'll take the matter under advisement. So that's the last of the cases to be argued this morning, so I'll ask the deputy to adjourn court.